ROBERT PEASLEE, Administrator of ZACHEUS PEASLEE,

*vs.*

STANIFORD, Sheriff.

In an action against a Sheriff for not paying over monies by him collected on an execution, if he plead the general issue with notice that, on the trial, he will give in evidence, that a third person had recovered judgment against him for the value of the property sold on the execution, without stating a prior right in such third person ; such notice is insufficient.

Such judgment is not conclusive against the plaintiff unless it appear that the plaintiff had notice of the suit against the Sheriff, and had an opportunity to defend.

And quaere, whether the Sheriff can, in any such case, defend, on the ground that a third person had recovered against him the value of the property of which he had levied the money—certainly not, unless the plaintiff had turned out such property to the Sheriff on the execution.

THIS was an action against Staniford, Sheriff, for not paying over the money which he had collected on an execution in favor of Zacheus Peaslee, the intestate, against Stephen Moore. The declaration stated, in substance, that the intestate recovered judgment against Stephen Moore, for the sum of fifty seven dollars. That he prayed out a writ of execution on said judgment, dated the 2d day of November, 1804, returnable within sixty days, and on the third day of the same November, he delivered the execution to the defendant, Sheriff, to collect and return.

That the defendant had levied and collected the money on the execution, and refused to pay it over on demand.

*Plea—the general issue,* with notice under the statute, that the defendant would give in evidence, in his defence, that he levied the execution on thirty thousand brick, turned out to him by the intestate in his life time, on said execution, as the property of said Moore. That he sold the brick at auction on several days, naming them, within the life of the execution, for a sum sufficient to satisfy the same. That afterwards Moses Catlin of Burlington, commenced an action of trespass against him, the defendant, for taking the same brick, (setting forth the action) and in that action recovered the value of the brick. For which reason, he the defendant retained the money which he had collected on the execution, and did not pay it over.

The plaintiff gave in evidence, the defendant's receipt for the execution, together with the execution from the office to which the de-

fendant had returned it, with the defendants return thereon indors- *Chittenden,* ed, that he had levied the same on the brick, had sold them for the *January. 1814.* sum of sixty-seven dollars, and paid the overplus .to Moore, the debtor. It was conceded, that Zacheus Peaslee, the intestate, de- *Peaslee,* manded the money of the defendant in the month of January, 1805. *vs. Staniford.*

*E. Keys,* for the defendant, offered evidence of the facts contained in the notice.

*Van Ness,* for the plaintiff, objected.

1. It is an attempt, by the Sheriff, to contradict his own return. 2. If any doubt arose whether Moore was the owner of the brick, the Sheriff should have taken from Peaslee a bond of indemnity, agreeably to the statute, and on that, taken his remedy. 3. The notice is defective and wholly insufficient; if all which is contained in the notice be proved, yet it will be no legal defence to the action. It is not stated in the notice that the brick on which the defendant levied the execution were not the property of Moore, or that they were the property of Catlin. Nor, is it stated that Peaslee had any notice of the suit in favor of Catlin against the defendant, Staniford. The notice gives a history of the suit and the recovery, but it is not even averred, that the recovery was had by reason of a prior right in Catlin.

*Keyes* and *Harrington,* for the defendant, contended, that although an officer may require of the creditor a bond of indemnity previous to the levy of an execution on personal property, yet, if he do not, he has other means of redress. If a creditor turn out property to an officer, and direct the officer to serve an execution on the property, it implies an engagement by the creditor, that it is the property of the debtor; it implies a warranty of that fact. And if it turn out that the property, thus taken by the officer, was not the property of the debtor, and the officer, by reason thereof, be compelled to pay its value, he may have his remedy by action against the creditor, or, he may retain the money for which the property was sold. The notice is proper, and the matters therein, sufficient. The legislature intended to give more latitude, in giving notice, than is given in special pleas; and cited section 97, of the Judiciary act, and section 9, of the act directing the levying of executions, giving a remedy, where an execution is levied on property which is not the property of the debtor.

*Chittenden,*
*January*
*1814*

*Peaslee,*
*vs.*
*Staniford.*

*By the Court.*—This notice is wholly insufficient; *such notice ought to make out a good defence; the same, in substance, as a plea in bar.* It is not necessary to enter at large into the nature of the defence in this action. But, it is clearly necessary, that the notice should contain an averment of a prior right to the property in Catlin, and that the recovery was had on such right. And even then, unless Peaslee, the intestate had had notice of the suit in favor of Catlin against Staniford, and an opportunity to defend, he could not be concluded by a recovery in favor of Catlin against the Sheriff.

*Keyes* and *Harrington* for the defendant.—Then stated that the brick were by Peaslee the intestate, turned out to the Sheriff, as the property of Stephen Moore, the debtor in the execution, and that they were sold on the execution, by the express directions of Peaslee. That immediately after the sale, they were claimed by Catlin, and that Catlin was in fact the owner of the brick. That Catlin commenced an action against Staniford, as before stated, and recovered the value of the brick.—That Staniford gave notice to Peaslee, the creditor in the execution, of the commencement of the suit, but he paid no attention to the defence of the action; and offered evidence of these facts under the general issue.

The Court doubted, but finally permitted the defendant to go into the evidence.

A record of the Judgment in favor of Catlin against Staniford, was then produced by the defendant.

*Van Ness,* objected to the reading of the record in evidence.

Zacheus Peaslee, the intestate, was neither party nor privy to the record; it cannot, therefore, be evidence against him or his representative.

*By the Court.*—As the defendant has been permitted to go into this defence, it is a matter of course to admit the record, the same as though this were an action for indemnity.

The record was then read to the jury.

Moses Catlin, called as a witness by the defendant, testified, that the brick were his property at the time the execution was levied upon them.—That the Sheriff took a few of them on the execution,

that the question respecting his right to the brick might be tried. *Chittenden,* That the action was commenced by agreement between him and *January. 1814.* Staniford, Peaslee was not consulted.—That he, the witness took the remainder of the brick.—That he had a bill of sale of the brick *Peaslee* from Moore, before the brick were made, to secure him for advances *vs.* which he was to make to Moore, and did make in carrying on the *Staniford.* business.

*Van Ness,* for the plaintiff, objected to any evidence relative to the bill of sale, or the purchase of the brick by Catlin, until the bill of sale should be produced.

*By the Court.*—As there appears to be a bill of sale in writing, no parol evidence can be admitted to show a transfer of the brick from Moore to Catlin. It is the common case, where there is written evidence, *it must be produced, unless the non production of it* be legally excused. It is the more necessary in this case, as there is some appearance of collusion. The bill of sale not being produced, the jury were directed to find for the plaintiff the amount of his debt collected on the execution, with interest on the same, at the rate of 15 per cent per annum, agreeably to the statute. The jury accordingly returned a

Verdict for the plaintiff.

### NOTE BY THE CHIEF JUSTICE.

QUAERE—As to the propriety of admitting the defence which was attempted in this action, as an excuse or justification for not paying over the money collected. It may, where the property has been turned out by the creditor, to the Sheriff, save a circuity of action. But it serves to render the trial very complicated; and may open a door to much collusion.